# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**MICHAEL MAURICE ARCHIE,**

          **Plaintiff,**

v.                            Case No. 3:04cv409/RV/EMT

**ESCAMBIA COUNTY SHERIFF'S OFFICE,**
et al.,

          **Defendants.**
_____/

## ORDER

      This matter comes before the court on a report and recommendation from the Magistrate Judge.  The plaintiff in this case, acting *pro se*, has filed a complaint alleging several claims against Ron McNesby, Sheriff of Escambia County, Gail Graber, a correctional officer at the Escambia County Jail, and "John Doe", a physician at the Jail.  Plaintiff claims the defendants violated his Eight Amendment rights by failing to protect him from an attack by another inmate, and by failing to provide adequate medical treatment for injuries suffered as a result of the attack.

      After a thorough analysis of each of the plaintiff's claims, the Report and Recommendation concludes that plaintiff's complaint should be dismissed for failure to state a claim on which relief may be granted.  However, in the course of this analysis, the Magistrate Judge relied on certain materials which, while in the record, are not part of plaintiff's complaint.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the use of materials outside the pleadings converts a

motion to dismiss into a motion for summary judgment.  See Fed. Rule Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment… and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); see also, Day v. Taylor, 400 F.3d 1272 (11th Cir. 2005); Marine Coatings of Alabama v. United States, 792 F.2d 1565 (11th Cir. 1986).  Before a motion to dismiss may be converted to a motion for summary judgment, the court must first communicate its intention to the parties to so treat the motion, and then allow the parties a reasonable period of time - - - at least ten days - - - to submit any relevant evidence and argument in support or opposition to the merits.  See Fed. Rule Civ. P. 12(c); Fed. Rule Civ. P. 56(c); see also, Donaldson v. Clark, 819 F.2d 1551, 1555 (11th Cir. 1987) ("whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings the judge must give all parties ten-days notice that he is so converting the motion") (emphasis in original); Milburn v. United States, 734 F.2d 762(11th Cir. 1984) ("this court has established a 'bright-line' test requiring 10-day advanced notice that the court will take a motion for summary judgment under advisement as of a certain date."); Herron v. Beck, 693 F.2d 125, 126 (11th Cir. 1982) ("It is well established in this circuit that the ten day notice requirement of Rule 56(c) is strictly enforced.").

Accordingly, it is now ORDERED that the case will be remanded to the Magistrate Judge for proceedings consistent with this order.

DONE AND ORDERED this 20th day of May, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

*Case No: 3:04cv409/RV/EMT*